IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIM TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. |
| JVMC PROPERTY INVESTMENT, L.P., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, KIM TURNER, by and through the undersigned counsel, and files this, her Complaint against Defendant, JVMC PROPERTY INVESTMENT, L.P., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's JVMC PROPERTY INVESTMENT, L.P., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff KIM TURNER (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes") Defendant, JVMC PROPERTY INVESTMENT, L.P. (hereinafter "JVMC PROPERTY INVESTMENT, L.P."), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

7. Defendant, JVMC PROPERTY INVESTMENT, L.P., may be properly served with process via its Registered Agent for service, to wit: JVMC Property Management, Inc., Registered Agent, 801 Lady of the Lake Blvd., Lewisville, TX  75056.

## **FACTUAL ALLEGATIONS**

8. On or about December 31, 2018, Plaintiff was a customer at "Japan House," a business located at 300 West Plano Parkway, Plano, Texas  75075, referenced herein as the "Japan House."

9. JVMC PROPERTY INVESTMENT, L.P. is the owner or co-owner of the real property and improvements that Japan House is situated upon and that is the subject of this action, referenced herein as the "Property."

10. Plaintiff's access to the business(es) located at 300 West Plano Parkway, Plano, Texas  75075, Dallas County Property Appraiser's parcel number 1966547 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant, JVMC PROPERTY INVESTMENT, L.P., are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

11. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

12. Plaintiff intends on revisiting the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

13. Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

14. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

15. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

16. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

17. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

18. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19. The Property is a public accommodation and service establishment.

20. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

21. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

22. The Property must be, but is not, in compliance with the ADA and ADAAG.

23. Plaintiff has attempted to, and has to the extent possible, accessed the Property in

her capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

24. Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

25. Defendant, JVMC PROPERTY INVESTMENT, L.P., has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

26. Defendant, JVMC PROPERTY INVESTMENT, L.P., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, JVMC PROPERTY INVESTMENT, L.P., is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and

usable by Plaintiff and other persons with disabilities.

27. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

   **(a)   ACCESSIBLE ELEMENTS:**

   (i)   The access aisles and the accessible parking spaces are not level due to the presence of a ramp in the access aisles and the accessible parking spaces in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

   (ii)  The Property lacks an accessible route from the sidewalk to the accessible entrance of the Property and/or Facility in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

   (iii) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

28. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

29. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

30. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant

difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

31. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

32. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

33. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, JVMC PROPERTY INVESTMENT, L.P., has the financial resources to make the necessary modifications.

34. Upon information and good faith belief, the Property has been altered since 2010.

35. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

36. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant, JVMC PROPERTY INVESTMENT, L.P., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

37. Plaintiff's requested relief serves the public interest.

38. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

39. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of

litigation from Defendant, JVMC PROPERTY INVESTMENT, L.P., pursuant to 42 U.S.C. §§ 12188 and 12205.

40.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, JVMC PROPERTY INVESTMENT, L.P., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)  That the Court find Defendant, JVMC PROPERTY INVESTMENT, L.P., in violation of the ADA and ADAAG;

(b)  That the Court issue a permanent injunction enjoining Defendant, JVMC PROPERTY INVESTMENT, L.P., from continuing their discriminatory practices;

(c)  That the Court issue an Order requiring Defendant, JVMC PROPERTY INVESTMENT, L.P., to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)  That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

          Dated: February 22, 2019.

          Respectfully submitted,

          Law Offices of
          THE SCHAPIRO LAW GROUP, P.L.

          /s/  Douglas S. Schapiro
          Douglas S. Schapiro, Esq.
          Northern District of Texas ID No. 54538FL
          *Attorney-in-Charge of Plaintiff*
          The Schapiro Law Group, P.L.
          7301-A W. Palmetto Park Rd., #100A
          Boca Raton, FL 33433
          Tel: (561) 807-7388
          Email: schapiro@schapirolawgroup.com

          Law Offices of
          LIPPE & ASSOCIATES

          /s/  Emil Lippe, Jr.
          Emil Lippe, Jr., Esq.
          State Bar No. 12398300
          Lippe & Associates
          12222 Merit Drive, Suite 1200
          Dallas, TX 75251
          Tel: (214) 855-1850
          Fax: (214) 720-6074
          emil@texaslaw.com

          ATTORNEYS FOR PLAINTIFF
          KIM TURNER